UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

HAROLD H.G. EDWARDS,

Plaintiff,

Civil No. 00-2416 DWF/AJB

v.

**REPORT AND RECOMMENDATION**

DAVID E. CULBERTSON, ET AL.,

Defendants.

The above matter is before the Court upon the motion of Defendant David E. Culbertson ("Culbertson"), seeking dismissal pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(5), for lack of personal jurisdiction and for insufficiency of service of process.[1] In relation to said motion, Plaintiff moves the Court to strike Culbertson's Reply Memorandum of Law and Affidavit. For reasons set forth below, the Court recommends that Plaintiff's Motion be denied and that Culbertson's Motion be granted in part and dismissed in part.

## I. BACKGROUND

Culbertson is an attorney residing in, and licensed to practice in, the State of Ohio. In June of 1990, Culbertson drafted and witnessed the will of Norman Edwards (Plaintiff's father), who died in December, 1995. The will nominated and appointed Culbertson as the executor. At the time the will was drafted, and at the time of his death, Norman Edwards resided in Ohio.

[1]The motion to dismiss is brought by Culbertson only. With respect to Defendants Culbertson Law Offices and Richard David Smith, Plaintiff sought, and received, an entry of default pursuant to Fed. R. Civ. P. 55(a). Even though the Court recommends herein that the action against Culbertson be dismissed, the case remains active because Plaintiff has yet to request that the entry of default be reduced to a default judgment pursuant to Fed. R. Civ. P. 55(b).

FILED APR 16 2001
FRANCIS [illegible] CLERK
JUDGMENT ENTD
DEPUTY CLERK

Upon the death of Norman Edwards, his will was probated in the Summit County, Ohio, Probate Court. Culbertson was appointed executor. Plaintiff, a resident of Minnesota, was a beneficiary of his father's will.

Plaintiff now claims that Culbertson, in the administration of his father's estate, represented conflicting interests, and engaged in misrepresentations and fraud. The above matter includes claims arising under the Racketeer Influenced and Corruption Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*. and various claims arising under the laws of the State of Ohio.

## II. STANDARD OF REVIEW

As a preliminary matter, Culbertson concedes that his motion, to the extent that it argues insufficiency of service of process, is moot. Therefore, the only remaining issue, with respect to the Motion to Dismiss, is whether the Court may exercise personal jurisdiction over Culbertson.

Where a challenge to personal jurisdiction comes in the form of a motion to dismiss, a plaintiff need only make a *prima facie* showing of personal jurisdiction. Multi-Tech Sys., Inc. v. VocalTec Communications, Inc., 122 F.Supp.2d 1046, 1048 (D. Minn. 2000) (citation omitted). When considering the issue, the Court views the submitted evidence in the light most favorable to the plaintiff, and resolves all factual disputes in favor of the plaintiff. Id.

## III. DISCUSSION

### A. Plaintiff's Motion to Strike

Plaintiff asks the Court to strike Culbertson's Reply Memorandum because it discusses issues not raised in the Motion to Dismiss. This is unnecessary. Culbertson's motion is limited to a request for dismissal for insufficiency of service of process and for lack of personal

jurisdiction. To the extent that Culbertson's supporting documents do not address these issues, they are deemed irrelevant and will be disregarded.[2]

Plaintiff also asks the Court to strike Culbertson's Affidavit in support of the Motion to Dismiss, arguing that the affidavit is unsworn and contains factual misstatements and omissions. Once again, granting this request is unnecessary. As noted above, when considering Culbertson's Motion to Dismiss, the Court views the submitted evidence in the light most favorable to Plaintiff, and resolves all factual disputes in favor of Plaintiff. Therefore, to the extent that it contradicts Plaintiff's allegations, Culbertson's affidavit will be disregarded, and to the extent that it can be reconciled with Plaintiff's allegations, the affidavit is of no consequence.

**B. Jurisdiction Under Minnesota Long-Arm Statute**

FED. R. CIV. P. 4(k)(1)(A) provides that "[s]ervice of a summons . . . is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located . . . ." The Minnesota long-arm statute authorizes jurisdiction to the extent permitted by due process. Guinness Import Co. v. Mark VII Distrib., Inc., 153 F.3d 607, 614 (8th Cir. 1998) (citation omitted). Therefore, to determine if Culbertson could be subjected to the jurisdiction of a

---

[2]The Reply Memorandum discusses, *inter alia*, whether it would be appropriate for the Court, in the future, to enter a default judgment against Defendant Culbertson Law Offices. This matter is wholly irrelevant to Culbertson's Motion to Dismiss for lack of personal jurisdiction. However, the Court does not mean to suggest that, in the future, Culbertson Law Offices is foreclosed from arguing, pursuant to FED. R. CIV. P. 55(c), that the entry of default should be set aside for lack of personal jurisdiction. See e.g., Jones v. Davey, 702 F.Supp. 752, 754 (E.D. Mo. 1988). Nor does the Court mean to suggest that, if a default judgment is sought, the issue of personal jurisdiction cannot be visited at that time. See e.g., System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001).

Minnesota court of general jurisdiction, the Court must determine if doing so would be consistent with due process. The Eighth Circuit has described this inquiry as follows:

> In order to exercise personal jurisdiction over a nonresident defendant, due process requires that such a defendant have "minimum contacts" with the forum state such that maintenance of a suit against that defendant does not offend "traditional notions of fair play and substantial justice." The nonresident defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there," and it is essential that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." "Purposeful availment" means that the defendant's contacts with the forum state must not be random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party. Once it has been determined that the nonresident defendant purposefully established minimum contacts with the forum state, such contacts must be analyzed in light of other factors to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with "fair play and substantial justice."

Id. (citations omitted) (quotation marks omitted). The Court, after reviewing Plaintiff's complaint and affidavit, and upon taking the assertions therein as true, concludes that Plaintiff has failed to make a *prima facie* showing that Culbertson could be subjected to the jurisdiction of a court of general jurisdiction in the State of Minnesota.

First, there has been no *prima facie* showing that Minnesota could exercise general jurisdiction over Culbertson. "General jurisdiction refers to the power of a state to adjudicate any cause of action and does not depend on the relationship between the cause of action and the contacts." Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1103 (8th Cir. 1996) (citation omitted). General "jurisdiction exists if a party conducts business in the forum state in a continuous and systematic manner." Guinness, 153 F.3d at 614 (citation omitted). Here, there is no evidence that Culbertson did anything in Minnesota in a continuous and systematic manner.

For example, there has been no showing that Culbertson was a resident of Minnesota; that he was licensed to practice in Minnesota; that he maintained a bank account, phone number, or mailing address in Minnesota; that he owned property in Minnesota; or that he maintained any employees or agents for service of process in Minnesota. The Court acknowledges the evidence showing that Culbertson maintained a website, which presumably could be reached from anywhere in the world, including Minnesota. However, this evidence hardly establishes that Culbertson's contacts with the State of Minnesota should be deemed "continuous and systematic."

Next, there has been no showing that Minnesota could exercise specific jurisdiction over Culbertson. Specific jurisdiction is established when a "defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." Burlington Indus., 97 F.3d at 1103 (citation omitted).

Here, Plaintiff provides evidence that Culbertson maintained a website, which presumably could be reached from anywhere in the world, including Minnesota. However, there is absolutely no suggestion that this litigation arose out of, or related to, the maintenance of the website. Therefore, even if it could be considered activity directed at Minnesota, the maintenance of the website is wholly irrelevant.

Plaintiff also points to interstate letters and telephone calls, which were exchanged between Plaintiff in Minnesota, and Culbertson in Ohio. However, the complaint and affidavits do not begin to show that this correspondence, even if initiated by Culbertson, rises to the level "purposeful availment." Recall, "purposeful availment" requires that Culbertson's contacts with Minnesota must not be random, fortuitous or attenuated. Guinness, *supra*. Plaintiff's allegations, taken as true, establish that the telephone calls and letters were merely secondary to

the administration of the estate in Ohio. The calls and letters involved Minnesota only because the will of Norman Edwards named a beneficiary who happened to live in Minnesota. The Court concludes that Plaintiff has failed to make a *prima facie* showing that Culbertson purposely availed himself of the privilege of conducting activities within Minnesota.

Thus, it is not necessary to proceed to the next step, which would be to ask whether the exercise of personal jurisdiction over Culbertson, by a Minnesota court, would comport with "fair play and substantial justice." In any event, Plaintiff's position surely cannot withstand such scrutiny. "A contrary [holding] would mean that anytime a lawyer sent a letter beyond his or her own state's borders, that lawyer would be subject to the jurisdiction of the state of the addressee. Such a rule would make interstate law practice all but impossible." Nash Finch Co. v. Preston, 867 F.Supp. 866, 868-69 (D. Minn. 1994).[3]

For the foregoing reasons, the Court concludes that Plaintiff has failed to make a *prima facie* showing that Culbertson could be subjected to the jurisdiction of a court of general jurisdiction in the State of Minnesota.

**C. Jurisdiction Under RICO**

FED. R. CIV. P. 4(k)(1)(D) provides that "[s]ervice of a summons . . . is effective to establish jurisdiction over the person of a defendant when authorized by a statute of the United States." Plaintiff contends that 18 U.S.C. § 1965 provides for nationwide service of process in civil RICO cases and that, therefore, Culbertson must have minimum contacts with merely the

[3]The reasoning and policy considerations underpinning the language quoted from Nash Finch apply equally well to the administration of probate.

United States before this Court may exercise personal jurisdiction over him. § 1965 provides that:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.
> (c) In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, subpoenas issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such subpoena shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.
> (d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

Specifically, Plaintiff argues that § 1965(d) provides for nationwide service of process. Plaintiff suggests that his argument reflects the settled position of most courts. However, the United States Supreme Court and the Eighth Circuit have never passed on the issue. The Second Circuit, however, has gone to some lengths to interpret § 1965 as a whole. In PT United Can Co. v. Crown Cork & Seal Co., Inc., 138 F.3d 65 (2nd Cir. 1998) the court found that § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, but instead provides that a civil RICO action may only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant:

> Reading all of the subsections of § 1965 together, the court finds that § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First, § 1965(a) grants

> personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.
>
> Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the "ends of justice" so require. This is an unsurprising limitation. There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as set forth in § 1965(a) is to bring the action where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.
>
> Next, § 1965(c) simply refers to service of subpoenas on witnesses. Thus, § 1965(d)'s reference to "[a]ll other process," means process other than a summons of a defendant or subpoena of a witness.

Id. at 71-2.

The Court is inclined to adopt this interpretation of § 1965. The analysis employed in PT Union is both thorough and persuasive. The Second Circuit's interpretation–using the words of the Second Circuit itself–"gives coherent effect to all sections of § 1965 and effectively provides for all eventualities without rendering any of the sections duplicative, without impeding RICO actions and without unnecessarily burdening parties." Id. at 72. The Court holds, therefore, that a civil RICO action can only be brought in a district where personal jurisdiction–based on traditional "minimum contacts"–is established as to at least one defendant.

Turning now to each of the Defendants named in the complaint. The Court has already concluded that Plaintiff has failed to make a *prima facie* showing of jurisdiction over Culbertson. Therefore, the only remaining question is whether Plaintiff has made a *prima facie* showing that

(1) jurisdiction is appropriate as to any other defendant *and* (2) the ends of justice require the exercise of jurisdiction over Culbertson. Plaintiff has failed to make such a showing.

First, Plaintiff has failed to make a *prima facie* showing that the Court may exercise personal jurisdiction over Defendant Richard Smith ("Smith"). The complaint alleges that Smith is a resident of Ohio. The complaint and submitted affidavit make no assertion that Smith has/had any contacts, whatsoever, with the State of Minnesota. Next, assuming that Defendant Culbertson Law Offices ("Culbertson Law") is a separate entity from Culbertson, Plaintiff has given the Court no basis to conclude that it may exercise jurisdiction over it. Culbertson Law may only act through agents and therefore; to establish jurisdiction over Culbertson Law, the Court looks to the acts of its purported agents. Here, the complaint and affidavit establish that the only purported agent that the Court should concern itself with is Culbertson. However, the Court has already concluded that Culbertson's alleged acts do not give rise to jurisdiction and therefore; *a fortiori* Plaintiff has failed to make a *prima facie* showing that exercising jurisdiction over Culbertson Law is proper.

Finally, even if this Court had jurisdiction over Smith and/or Culbertson Law, the Court concludes that the ends of justice would not require exercising jurisdiction over Culbertson. The material submitted by Plaintiff clearly demonstrates that all Defendants can be found in Akron, Ohio, and are, therefore, subject to general jurisdiction in the Northern District of Ohio.

## IV. RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's Motion to Strike should be **denied** [Docket No. 13];

2. Defendant David E. Culbertson's Motion for Dismissal should be **granted in part and dismissed in part** [Docket No. 15];

3. To the extent that it moves for dismissal upon grounds of insufficiency of service of process, Culbertson's motion presents no controversy and should therefore be dismissed at moot;

4. To the extent that it moves for dismissal upon grounds of lack of personal jurisdiction, Culbertson's motion should be granted; and

5. Plaintiff's cause of action against Defendant David E. Culbertson should be dismissed without prejudice.

Dated: 4/13/01

Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

AJB